UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MLC HOLDINGS OF LOUISIANA, LLC D/B/A THE CLEANING AUTHORITY, individually and on behalf of all others similarly situated

CIVIL ACTION

VERSUS

NO. 25-841

CAPITAL ONE, NATIONAL ASSOCIATION

SECTION "R" (5)

## ORDER AND REASONS

Before the Court is defendant Capital One's opposed[1] motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] For the following reasons, the Court grants the motion.

**I.    BACKGROUND**

On April 30, 2025, plaintiff MLC Holdings of Louisiana, LLC ("MLC Holdings"), doing business as The Cleaning Authority, individually and on behalf of all others similarly situated, sued Capital One, National Association.[3] Plaintiff alleges that from January 15, 2025 to around January 19, 2025, it was unable to access its Capital One small business bank account

---

[1]    R. Doc. 27.
[2]    R. Doc. 6.
[3]    R. Doc. 1.

due to a technical issue with one of Capital One's third-party vendors. Plaintiff brought this action for breach of contract, negligence, and unjust enrichment.[4]

Defendant moved to dismiss.[5] Capital One first argued that the Court lacks subject matter jurisdiction because plaintiff does not have standing.[6] It argues that plaintiff failed to allege any injury. With its motion, Capital One provided records indicating that MLC Holdings was able to deposit and withdraw funds during the time period in question.[7] In the alternative, Capital One argued that MLC Holdings fails to state a viable claim on any of its causes of action.[8] It asserts that the breach of contract claim fails because the complaint fails to identify any contractual obligation that Capital One breached. It faults the negligence claim on the grounds that plaintiff does not point to a legal duty that Capital One owes it. Finally, Capital One contends that the unjust enrichment claim is defective because an unjust enrichment claim cannot survive when there is an express contract between the parties.

The Court considers the motion below.

---

[4]   *Id.* at 8–9.
[5]   R. Doc. 6.
[6]   R. Doc. 6-1 at 16.
[7]   R. Docs. 6-8 & 6-9.
[8]   R. Doc. 6-1 at 22.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action without prejudice if a court lacks jurisdiction over the subject matter of the plaintiff's claim. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020), *as revised* (Dec. 30, 2020). A court must address challenges to subject matter jurisdiction prior to other Rule 12 motions on the merits. *See Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 4 (2023).

Standing presents a threshold jurisdictional question. *Id.*; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). The standing requirement flows from Article III of the Constitution, which limits the scope of the federal judicial power to the adjudication of "cases" or "controversies." U.S. Const. art. III, § 2. Standing has three elements: (1) the plaintiff must have suffered an "injury-in-fact," which is an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent"; (2) the injury must be "fairly traceable" to the challenged conduct of the defendant; and (3) it must be likely that plaintiff's injury will be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

A motion to dismiss for lack of standing may be either "facial" or "factual." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). An

attack is "factual" if the defendant "submits affidavits, testimony, or other evidentiary materials." *Id.* The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists by a preponderance of the evidence. *See Spokeo v. Robins*, 578 U.S. 330, 338 (2016). In considering a factual challenge to subject matter jurisdiction, the court may rely on the complaint, the undisputed facts in the record, and the court's resolution of disputed facts to satisfy itself of its power to hear the case. *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017).

A class action lawsuit does not alter the standing requirement. *Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 924 n.12 (5th Cir. 2023). A party seeking to represent a class must show that it personally suffered an injury. *Lewis v. Casey*, 518 U.S. 343, 357 (1996).

## III.  DISCUSSION

Plaintiff alleges that its injuries stem from being unable to access its funds or pay business expenses, including payroll.[9] Plaintiff argues that it was not able to access its Capital One accounts at all and alleges that its principal traveled to a Capital One branch office, where a Capital One representative informed him that Capital One also could not access the

---

9     R. Doc. 1 at 4–5.

account.[10] Plaintiff argues that, as a matter of law, any temporary deprivation of the use of one's money gives rise to standing.

Here, Capital One raises a factual attack on plaintiff's standing. It points to MLC Holdings' Capital One accounts to show that plaintiff could access them. The records reflect that MLC Holdings successfully transferred $2,800 between its Capital One savings account and its Capital One checking account on January 16, 2025, which is during the period in which plaintiff alleged it could not access its accounts.[11] Also during that window of time, on January 17, 2025, plaintiff made twenty-nine separate withdrawals labeled "PAYROLL," totaling $12,297.60.[12] This evidence refutes plaintiff's assertion that it was unable to withdraw funds to pay its employees using its Capital One accounts.[13] Additionally on January 17, there were two deposits, totaling $7,856, and two un-labeled withdrawals, totaling $6,214.23.[14]

Plaintiff fails to submit any evidence in support of its standing. Capital One submitted unrebutted evidence that plaintiff made numerous withdrawals from and deposits to its Capital One accounts during the

---

[10] R. Doc. 27 at 2. This was alleged in its motion, not in an affidavit or declaration.
[11] R. Doc. 6-8 at 9; R. Doc. 6-9 at 4.
[12] R. Doc. 6-8 at 9–11.
[13] *See* R. Doc. 1 at 4,
[14] R. Doc. 6-8 at 9–11.

relevant period. The evidence refutes plaintiff's core allegation that it was unable to access its accounts. Although plaintiff argues that neither it nor the Capital One clerk was able to access its account, it asserts this in its opposition brief without any evidentiary support. This statement alone is insufficient. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Plaintiff must submit facts through some evidentiary method to sustain its burden of proof. *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989)). Plaintiff fails to do so here.

Accordingly, the Court concludes that plaintiff fails to establish the injury it alleges by a preponderance of the evidence. Thus, plaintiff lacks standing, and the Court is without subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss. The Court DISMISSES plaintiff's claims WITHOUT PREJUDICE.

New Orleans, Louisiana, this __11th__ day of August, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE